UNITED STATES DISTRICT COURT
District of Minnesota

18cr 286 ADM/DTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** |
| Plaintiff, | 18 U.S.C. § 1035 |
| | 18 U.S.C. § 1343 |
| v. | 18 U.S.C. § 981(a)(1)(C) |
| | 28 U.S.C. § 2461(c) |
| SHERI MARIE LEMMA, a/k/a Sheri Marie Cindrich, | |
| Defendant. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

## INTRODUCTION

1.  From in or about November 2016 through in or about September 2018, the defendant, SHERI MARIE LEMMA ("LEMMA"), falsely claimed she was unable to work as a result of an on-the-job injury as a mail carrier for the United States Postal Service ("USPS"). As a result of her false claims, LEMMA fraudulently obtained more than $90,000 in disability and medical benefits to which she was not entitled.

2.  At times relevant to the Indictment:

    a.  Defendant SHERI MARIE LEMMA was employed as a mail carrier for the United States Postal Service ("USPS").

    b.  The Federal Employees' Compensation Act ("FECA") provided for the payment of disability compensation to disabled federal employees who are injured on the job, including employees of the United States Postal Service. FECA also provided payment for the medical costs of disabled federal employees. FECA payments were

SCANNED
NOV 15 2018
U.S. DISTRICT COURT MPLS

generated by the United States Treasury Department and paid from the budget of the disabled employee's agency.

   c. The United States Department of Labor's Office of Workers' Compensation (the "OWCP") administered FECA. The OWCP relies on doctors to determine if a claimant can return to work and under what restrictions, if any.

   d. Federal regulations required individual claimants receiving FECA payments to the report to their physician and the OWCP any improvement in their medical condition that allows them to engage in any type of work activity. FECA claimants are expected to return to work – including light duty or part-time work, if available – if they are no longer totally disabled because of their injury.

   e. While working for the United States Postal Service, LEMMA reported multiple on-the-job injuries. For each of these reported injuries, LEMMA sought and obtained FECA benefits.

   f. In or about January 2016, LEMMA underwent spinal surgery related to her on-the-job injury to her back. On or about November 2, 2016, the spine surgeon authorized LEMMA to return to work with various restrictions. On or about November 17, 2016, USPS offered LEMMA a modified job assignment that conformed to the restrictions set forth by the spine surgeon. LEMMA refused the modified job assignment.

### COUNTS 1-6
(Wire Fraud)

  3. Paragraphs 1 and 2 are incorporated by reference as if fully set forth herein.

U.S. v. Sheri Marie Lemma

4. From in or about November 2016 through in or about September 20, 2018, in the State and District of Minnesota and elsewhere, the defendant,

**SHERI MARIE LEMMA,**
a/k/a Sheri Marie Cindrich,

knowingly and intentionally devised and executed a scheme and artifice to defraud and to obtain money and property from the DOL and from USPS by means of material false and fraudulent pretenses, representations, and promises, and concealment of material facts.

5. It was part of the scheme that LEMMA fraudulently obtained FECA disability and medical payments by falsely reporting to her doctors and DOL her pain and activity levels such that she was physically unable to work. In reality, LEMMA went on an international cruise vacation in June 2017, during which she walked long distances, carried bags and backpacks, wore high heels, and swam with dolphins.

6. It was further part of the scheme to defraud that LEMMA falsely reported the nature of her modified job assignment to her doctors in order to continue to fraudulently receive FECA disability and medical benefits. Specifically, LEMMA falsely told her spine surgeon and her primary care physician that she was being asked to return to work as a mail carrier. In reality, the USPS offered LEMMA a modified job assignment in November 2016 that allowed her to work in a manner consistent with her health limitations and the medical restrictions put in place by her doctors.

7. It was further part of the scheme that as a result of her false statements, LEMMA fraudulently received more than $80,000 in disability payments and more than

U.S. v. Sheri Marie Lemma

$15,000 in medical costs for injuries she claimed to have sustained while employed at USPS.

8.  On or about the dates set forth below, in the State and District of Minnesota and elsewhere, the defendant,

**SHERI MARIE LEMMA,**
a/k/a Sheri Marie Cindrich,

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, and sounds, as described below:

| Count | Date of Wire (on or about) | Wire Communication |
|---|---|---|
| 1 | 12/9/2016 | Wire transfer of $2,681.16 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |
| 2 | 1/06/2017 | Wire transfer of $2,681.16 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |
| 3 | 6/23/2017 | Wire transfer of $1,448.02 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |
| 4 | 7/7/2017 | Wire transfer of $1,469.08 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |
| 5 | 11/09/2017 | Wire transfer of $2,889.07 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |
| 6 | 8/24/2018 | Wire transfer of $3,114.76 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 7
(False Statements Relating to Health Care Matters)

9.  On or about October 24, 2017, in the State and District of Minnesota, the defendant,

**SHERI MARIE LEMMA,**
a/k/a Sheri Marie Cindrich,

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in connection with the delivery of and payment for health care benefits, items, and services involving the United States Department of Labor Office of Workers' Compensation Programs, a health care benefit program as defined in 18 U.S.C. § 24(b). Specifically, during an interview related to the receipt of her benefits under the Federal Employees' Compensation Act, the defendant made materially false, fictitious, and fraudulent statements and representations regarding, among other things, her pain and physical capabilities, knowing these representations were false, all in violation of Title 18, United States Code, Section 1035.

## FORFEITURE ALLEGATIONS

Paragraphs 1 through 8 of this Indictment are incorporated herein by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

As a result of the offenses alleged in Counts 1 through 7, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States

Code, Section 1343.  If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____     _____
UNITED STATES ATTORNEY                FOREPERSON