UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION
Criminal No. 18-CR-286 (ADM/DTS)

==================================================================

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) **DEFENDANT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL MOTION FOR DISCLOSURE OF RULE 404 EVIDENCE** |
| vs. | ) |
| SHERI MARIE LEMMA | ) |
| Defendant. | ) |

==================================================================

**PRE-TRIAL DISCLOSURE OF RULE 404 EVIDENCE**

Defendant moves this Court for entry of an order directing the government to immediately disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence, and further directing the government to identify the witnesses through whom such evidence will be presented at trial, and in support thereof, states as follows:

1. Defendant stands charged with various violations of federal law.

2. The discovery furnished by the government refers to alleged "bad" acts not covered by the indictment.

3. The elements of knowledge and intent often are shown by circumstantial evidence. In this regard, the government may seek to introduce evidence of other acts and/or wrongs aside from those alleged in the indictment to show a defendant's intent and knowledge. See: Rule 404(b) Federal Rules of Evidence (hereinafter referred to as FRE).

4. FRE Rule 404(b) provides, in pertinent part, as follows:

> "Other crimes, wrongs or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of the person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity intent, preparation, plan, knowledge, identity or absence of mistake or accident."

Of course, defendant does not now challenge the introduction of any such similar crime or act evidence but merely requests that the government be required to disclose the nature of this evidence and the witnesses upon whom the government intends to rely in establishing the evidentiary foundation prerequisite to admission of any such evidence at trial.

5. Defendant recognizes that FRE 404(b) does not incorporate a requirement that advance notice be given when other crimes or wrongs will be shown at trial. Nevertheless, this Court has the power to require such pre-trial disclosure.

Weinstein's Evidence Sect. 404(01), p. 404-13, suggests that pre-trial disclosure permits the setting of limitations to prevent abuse and allows a defendant to prepare adequately to meet the issues. Further, she suggests that springing these matters as a surprise at trial may bring the balance test of FRE 403 into play.

6. In <u>United States v. Baum</u>, 482 F.2d 1325 (1973) the Second Circuit reversed a conviction for possession of stolen goods where a pre-trial motion to reveal the identity of a government witness was denied and the witness testified at trial that defendant previously had received stolen goods unrelated to possession of the particular goods as set forth in the indictment. In so doing, the Court stated:

> "Confronted for the first time with the accusation of prior criminal conduct and the identity of the accuser, the defendant had little or no opportunity to meet the impact of this attack in the midst of trial. This precarious predicament was precipitated by the prosecutor. The failure to reveal the accusers identity until he was presented as a witness confronted the trial judge with the hard choice of interruption of the trial or denial to the defense of a reasonable opportunity of meeting the

severe impact of this aspect of the prosecutor's evidence."  482 F.2d at 1331.

Accordingly, the Court ordered a new trial so that defendants could be provided a fair opportunity to meet the critical and damaging proof of an offense not presented against them in the indictment (compare United States v. Braasch, 505 F.2d 139 (7th Cir. 1974)), where the Court cited Baum but held that there was no error since defendant had notice or opportunity to meet the government's proof of uncharged criminal conduct.

7.  Defendant suggests that the issues of knowledge and intent will be vigorously contested at trial in this action.  Likewise, defendant's intent will be vigorously contested at trial in this action.  Likewise, defendant anticipates that, aside from the acts charged in the indictment, the government will attempt to rely upon evidence of other wrongs, acts or crimes to demonstrate defendant's knowledge, motive or intent to perform the substantive acts alleged in the indictment.  In this regard, discovery documents already produced in this action contained references to other allegedly unlawful transactions involving the same or similar criminal statutes.  Given the seriousness and complexity of the charges in the instant indictments, the defendant contends that she would be denied her fifth amendment right to due process of law and her sixth amendment right to effective assistance of counsel if the government is permitted to conceal until trial the particular other alleged crimes or acts it intends to offer in evidence and the identities of those persons upon whom it will rely to show such other similar acts or wrongs.  "Without pretrial disclosure of the requested information, defendant cannot adequately prepare to meet such similar act" evidence.  United States v. Strofsky, 409 F.Supp. 600 (S.D.N.Y. 1973).

8.  Moreover, to prevent undue prejudice at trial, the defendant anticipates filing a motion in limine to seek exclusion of all such alleged similar act or other crime evidence.  It would be premature for the defendant to file such a motion at this time, however, pretrial

disclosure by the government of the information sought to be obtained in this motion will facilitate an orderly trial and allow defendant the opportunity to timely seek exclusion of such prejudicial and non-relevant evidence.

                                                         Respectfully submitted,

                                                         RYAN PACYGA CRIMINAL DEFENSE

Dated:  February 12, 2019.                By:    /s/ Ryan M. Pacyga
                                                                          Ryan M. Pacyga (#321576)
                                                                          333 South 7th Street, Suite 2850
                                                                          Minneapolis, MN 55402
                                                                          612-339-5844 (phone)
                                                                          *E-mail:*  ryan@arrestedmn.com