UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION
Criminal No. 18-CR-286 (ADM/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | ) **MEMORANDUM OF LAW** |
| | ) **IN SUPPORT OF MOTION** |
| vs. | ) **FOR DISCOVERY OF** |
| | ) **EXCULPATORY EVIDENCE** |
| SHERI MARIE LEMMA, | )<br>) |
| Defendant. | ) |

The defense makes its Brady requests based upon the following authority.

**I.    The Constitution Requires the Government To Disclose Evidence Favorable To the Accused and Material To Guilt or Punishment**

    **A.    The Brady Rule**

Brady v. Maryland, 373 U.S. 83, 87 (1963) requires the Government to disclose evidence that is favorable to the accused and "material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  The Supreme Court has emphasized the need for strict adherence to the Brady rule.  See, e.g., Banks v. Dretke, 540 U.S. 668, 689-703 (2004).

    **B.    Materiality in Pretrial Context**

In the post-trial context, Brady evidence "is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  Strickler v. Greene, 527 U.S. 263, 280 (1999) (quotation omitted).  But "in the pre-trial context, the court should require disclosure of favorable evidence under Brady without attempting to analyze its 'materiality' at trial.

1

United States v. Carter, 313 F. Supp. 2d 921, 925 (E.D. Wis. 2004).

If materiality is in doubt, the Government must disclose the evidence that potentially falls under the Brady rule. Kyles v. Whitley, 514 U.S. 419, 433 (1995); United States v. Safavian, 233 F.R.D. 12, 16, 17 (D.D.C. 2005).

### C.  Timing of Disclosures

Brady material must be produced in time for its effective use. United States v. Olson, 697 F.2d 273, 275-276 (8th Cir. 1983); see also Leka v. Portuondo, 257 F.3d 89, 103 (2d Cir. 2001) ("The opportunity for use under Brady is the opportunity for a responsible lawyer to use the information with some degree of calculation and forethought.").

A district court has significant discretion to manage a case. See Fed. R. Crim. P. 57(b). Courts have held that "a district court has general discretionary authority to order the pretrial disclosure of Brady material to ensure the effective administration of the criminal justice system." United States v. Blackwell, 954 F. Supp. 944, 968 (D.N.J. 1997) (quotations omitted); accord United States v. Pollack, 534 F.2d 964, 973 (D.C. Cir. 1976); United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984); see also United States v. Valarde-Lopez, 54 Fed. Appx. 265, 268 (9th Cir. 2002) (district court ordered the Government to make early disclosure of Brady material). This line of cases teaches that "district courts should encourage early production of Brady material." Blackwell, 954 F. Supp. at 968. Moreover, courts have held that Brady material that constitutes statements within the meaning of the Jencks Act ought to be produced early, in accordance with Brady deadlines. United States v. Lujan, 530 F. Supp. 2d 1224, 1256 (D.N.M. 2008).

The defense requests prompt disclosure of Brady material so as to enable

2

meaningful review. Disclosure of such material on the eve of trial would be of no use to the defense and would compromise Ms. Lemma's constitutional rights. Here, late disclosure would be no better than a failure to disclose. Thus, the Court should order a forthwith disclosure of Brady material.

## II.     Defendant's Requests

There exists authority for Defendant's specific Brady requests, including the following:

### A.     Impeachment Material

The Supreme Court has broadened the Brady rule to require disclosure of impeachment evidence. Kyles, 514 U.S. at 433. Impeachment evidence includes, for example:

- Prior inconsistent statements by the Government's witnesses, Kyles, 514 U.S. at 453.

- The Government's immunity bargains with witnesses, Giglio v. United States, 405 U.S. 150, 154-155 (1972).

- Any promises, rewards, or inducements made to an informant, United States v. Pesaturo, 519 F. Supp. 2d 177, 191 (D. Mass. 2007).

- Criminal histories, medical/psychiatric histories, and polygraph results of witnesses, Lujan, 530 F. Supp. 2d at 1257-1260.

Thus, such impeachment material is critical to the defense, and the Government must be compelled to turn it over sooner rather than later.

Respectfully submitted,

RYAN PACYGA CRIMINAL DEFENSE

3

Dated:  February 12, 2019.				By: /s/ Ryan M. Pacyga
						Ryan M. Pacyga (#321576)
						333 South 7th Street, Suite 2850
						Minneapolis, MN 55402
						612-339-5844 (phone)
						*E-mail:  ryan@arrestedmn.com*