UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
18-cr-286 (ADM/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SUPERSEDING INDICTMENT** |
| Plaintiff, | 18 U.S.C. § 1035 |
| | 18 U.S.C. § 1343 |
| v. | 18 U.S.C. § 981(a)(1)(C) |
| | 28 U.S.C. § 2461(c) |
| SHERI MARIE LEMMA, a/k/a Sheri Marie Cindrich, | |
| Defendant. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

### INTRODUCTION

1.  From in or about December 2014 through in or about September 2018, the defendant, SHERI MARIE LEMMA ("LEMMA"), falsely claimed she was unable to work as a result of an on-the-job injury as a mail carrier for the United States Postal Service ("USPS"). As a result of her false claims, LEMMA fraudulently obtained more than $100,000 in disability and medical benefits to which she was not entitled.

2.  At times relevant to the Superseding Indictment:

    a.  Defendant SHERI MARIE LEMMA was employed as a mail carrier for the United States Postal Service ("USPS").

    b.  The Federal Employees' Compensation Act ("FECA") provided for the payment of disability compensation to disabled federal employees who are injured on the job, including employees of the United States Postal Service. FECA also provided payment for the medical costs of disabled federal employees. FECA payments were

SCANNED
DEC 12 2019
U.S. DISTRICT COURT MPLS

generated by the United States Treasury Department and paid from the budget of the disabled employee's agency.

      c.      The United States Department of Labor's Office of Workers' Compensation Programs (the "OWCP") administered FECA. The OWCP relies on doctors to determine if a claimant can return to work and under what restrictions, if any.

      d.      Federal regulations required individual claimants receiving FECA payments to report to their physician and the OWCP any improvement in their medical condition that allows them to engage in any type of work activity. FECA claimants are expected to return to work—including light duty or part-time work, if available—if they are no longer totally disabled because of their injury.

      e.      While working for the United States Postal Service, LEMMA reported multiple on-the-job injuries. For each of these reported injuries, LEMMA sought and obtained FECA benefits.

      f.      In or about November 2014, LEMMA was offered and accepted a modified job assignment which accommodated her claimed medical restrictions. However, after the USPS denied LEMMA's request for holiday leave due to staffing needs, beginning in or about December 2014, LEMMA stopped reporting for work. Instead, LEMMA fraudulently sought and obtained FECA benefits for the period of December 22, 2014 onward, presenting doctor's notes indicating she should be off work pending an as-of-yet unscheduled spinal surgery.

g. LEMMA did not return to work at all in 2015 based on misrepresentations she made regarding her physical condition, her modified job duties, and her ability to work.

h. In or about January 2016, LEMMA underwent spinal surgery. In or around April 2016, LEMMA began physical therapy.

i. By September 2016, LEMMA had still not returned to work. In response to a direct inquiry by the USPS as to her status, LEMMA fraudulently claimed she had only "finally" started physical therapy on September 12, 2016.

j. On or about November 2, 2016, LEMMA's spine surgeon formally authorized LEMMA to return to work with various work restrictions. The USPS offered LEMMA a modified job assignment that conformed to the restrictions set forth by the spine surgeon. LEMMA refused the modified job assignment.

k. By in or around April 2017, LEMMA had still not returned to work and continued to receive fraudulent FECA benefits. When LEMMA was informed her benefits would be terminated if she did not return to work, LEMMA reported for two modified job duty shifts in or around April 2017, but claimed to be unable to return to work after the second shift due to pain.

l. Continuing from in or around April 2017 and through September 2018, LEMMA continued to make material misrepresentations concerning her physical abilities, modified job duties, and job restrictions in order to fraudulently obtain FECA benefits to which she was not entitled.

## COUNTS 1-6
(Wire Fraud)

3.  Paragraphs 1 and 2 are incorporated by reference as if fully set forth herein.

4.  From in or about December 2014 through in or about September 20, 2018, in the State and District of Minnesota and elsewhere, the defendant,

**SHERI MARIE LEMMA,**
a/k/a Sheri Marie Cindrich,

knowingly and intentionally devised and executed a scheme and artifice to defraud and to obtain money and property from the DOL and from USPS by means of false and fraudulent pretenses, representations, and promises, and concealment of material facts.

5.  It was part of the scheme that LEMMA fraudulently obtained FECA disability and medical payments by falsely reporting to her doctors and DOL her physical capabilities such that she was physically unable to work. In reality, LEMMA was able to dance at a bar, attend school full time carrying bags and backpacks, and went on multiple vacations, including an international cruise vacation in June 2017, during which she walked long distances, carried bags and backpacks, wore high heels, and swam with dolphins.

6.  It was further part of the scheme to defraud that LEMMA falsely reported the nature of her modified job assignment to her doctors in order to continue fraudulently to receive FECA disability and medical benefits. Specifically, LEMMA falsely told her spine surgeon and her primary care physician that she was being asked to perform duties that conflicted with her restrictions. In reality, the USPS offered LEMMA a modified job assignment in November 2014, and again in November 2016, that allowed her to work in

a manner consistent with her health limitations and the medical restrictions put in place by her doctors.

7.  It was further part of the scheme that as a result of her false statements, LEMMA fraudulently received more than $100,000 in disability payments and more than $15,000 in medical costs for injuries she claimed to have sustained while employed at USPS.

8.  On or about the dates set forth below, in the State and District of Minnesota and elsewhere, the defendant,

**SHERI MARIE LEMMA,**
a/k/a Sheri Marie Cindrich,

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, and sounds, as described below:

| Count | Date of Wire (on or about) | Wire Communication |
|---|---|---|
| 1 | 12/9/2016 | Wire transfer of $2,681.16 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |
| 2 | 1/06/2017 | Wire transfer of $2,681.16 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |
| 3 | 6/23/2017 | Wire transfer of $1,448.02 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |
| 4 | 7/7/2017 | Wire transfer of $1,469.08 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |

| Count | Date of Wire (on or about) | Wire Communication |
|---|---|---|
| 5 | 11/09/2017 | Wire transfer of $2,889.07 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |
| 6 | 8/24/2018 | Wire transfer of $3,114.76 from the U.S. Treasury Department in Missouri to LEMMA's account at Wells Fargo Bank in Minnesota |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 7
(False Statements Relating to Health Care Matters)

9. Paragraphs 1 through 9 are incorporated by reference as if fully set forth herein.

10. From on or about December 2014 through January 2016, in the State and District of Minnesota, the defendant,

**SHERI MARIE LEMMA,**
a/k/a Sheri Marie Cindrich,

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in connection with the delivery of and payment for health care benefits, items, and services involving the United States Department of Labor Office of Workers' Compensation Programs, a health care benefit program as defined in 18 U.S.C. § 24(b). These false statements include, but are not limited to, the following:

Defendant's statements and representations made between in or around December 2014 and January 2016 regarding, among other things, her physical capabilities, her modified job duties, and ability to work, knowing these representations were false; all in violation of Title 18, United States Code, Section 1035.

6

## COUNT 8
(False Statements Relating to Health Care Matters)

11. Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

12. From on or about April 2016 through September 2017, in the State and District of Minnesota, the defendant,

**SHERI MARIE LEMMA,**
a/k/a Sheri Marie Cindrich,

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in connection with the delivery of and payment for health care benefits, items, and services involving the United States Department of Labor Office of Workers' Compensation Programs, a health care benefit program as defined in 18 U.S.C. § 24(b). These false statements include, but are not limited to, statements made between in or around April 2016 and September 2017 regarding, among other things, her physical capabilities, her modified job duties, and ability to work, knowing these representations were false; all in violation of Title 18, United States Code, Section 1035.

## COUNT 9
(False Statements Relating to Health Care Matters)

13. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14. On or about October 24, 2017, in the State and District of Minnesota, the defendant,

**SHERI MARIE LEMMA,**
a/k/a Sheri Marie Cindrich,

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in connection with the delivery of and payment for health care benefits, items, and services involving the United States Department of Labor Office of Workers' Compensation Programs, a health care benefit program as defined in 18 U.S.C. § 24(b). These false statements include, but are not limited to, statements made on October 24, 2017, during an interview related to the receipt of her benefits under the Federal Employees' Compensation Act, during which the defendant made materially false, fictitious, and fraudulent statements and representations regarding, among other things, her physical capabilities, her modified job duties, and ability to work, knowing these representations were false; all in violation of Title 18, United States Code, Section 1035.

## FORFEITURE ALLEGATIONS

Counts 1 through 9 of this Superseding Indictment are incorporated herein by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and Title 28, United States Code, Section 2461(c).

As a result of the offenses alleged in Counts 1 through 6, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343.

As a result of the offense alleged in Counts 7 through 9, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(7), any

property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____          _____
UNITED STATES ATTORNEY                  FOREPERSON