UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-286 (ADM/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERI MARIE LEMMA, )<br>  a/k/a Sheri Marie Cindrich, )<br>)<br>Defendant. | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUANCE** |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Lindsey E. Middlecamp, Special Assistant United States Attorney, hereby files its response to the defendant's motion for continuance.

Trial in this matter was originally set for January 28, 2019, and has already been continued five times: to April 15, 2019, June 17, 2019, September 30, 2019, January 27, 2020, and finally, the current trial date of February 18, 2020. The government's witnesses have been subpoenaed and for several, are days away from finalizing out-of-state travel arrangements.

As noted in the government's pending motion for deposition: further continuance will prejudice the government's ability to effectively prosecute this matter. Witnesses beyond G.B. alone may be less available or less able to testify about relevant facts and events, and therefore less helpful to a jury in

deciding disputed issues, as time wears on. There are additional scheduling challenges presented to the government's trial team for periods of time in April, May, and June of 2020 depending on the Court's available alternative trial dates.

In her motion, the defendant has identified several reasons for the requested continuance: G.B.'s unavailability for trial, the government's recent discovery supplementation, and the scope of the government's superseding indictment. None of these reasons merit a continuance.

First, as noted in the government's pending cross motion, G.B. is available to preserve trial testimony in a video-taped deposition the week prior to trial. Second, although the government supplemented its prior discovery productions on January 23, 2020, the production is primarily comprised of materials and records already within the defendant's custody or control: namely, approximately fifty pages of records that were produced to the government by the defendant's medical providers related to her ongoing medical care since October 2019; ten pages of records related to her new employment; and excel spreadsheets of the total amounts paid to the defendant in the course of her worker's compensation claims. The first two categories of these records and the information contained therein have been known to the defendant and available to her at all times, and have only been produced by the government because they were part of its diligent document gathering. In

fact, the government intends to exclude the defendant's recent records and move to narrow the scope of trial to the period ending in 2018, as the defendant's condition after her 2018 retirement from the USPS is irrelevant to the charged fraud conduct.

Finally, as to the defendant's claim that the superseding indictment itself necessitates additional time to prepare: the government's case has remained significantly the same other than recognizing the start date of the continuous fraud conduct as commencing earlier than initially charged. Nor has the superseding indictment caught the defendant by surprise. On December 11, 2019, the government notified counsel for the defendant of its intention to file a superseding indictment. In that communication, the government indicated to counsel for the defendant that the superseding indictment would be adding the time period from December 2014 to November 2016 to the scope of fraud charged, and that the scope was based on evidence gleaned from records which had been produced to the defendant in discovery many months previously. Because those records—produced by the Department of Labor and the United States Postal Service—were produced in the chronological manner in which they were kept, the defendant was positioned to promptly start reviewing records from that time frame to prepare her defense.

The government contacted counsel for the defendant again on December 23, 2019, this time offering to have a reverse proffer during which the government would show the defendant which particular events from 2014, 2015, and 2016 were most salient to the superseding indictment. That reverse proffer took place on January 14, 2020, during which the government explained its intended trial evidence and chronology.

Nonetheless, over a month after the superseding indictment was filed, and with three weeks yet to prepare for trial, the defendant alleges additional time is needed to prepare her defense.

For the foregoing reasons, the government opposes the defendant's motion for continuance. In light of the proximity of trial, and the need to confirm travel for a number of out of state witnesses, the government respectfully seeks a ruling on the pending motions at the court's soonest convenience.

                                      Respectfully Submitted,

Dated:  January 28, 2020                 ERICA H. MacDONALD
                                           United States Attorney

                                         /s/ *Lindsey E. Middlecamp*
                           BY:   LINDSEY E. MIDDLECAMP
                                           *Special Assistant U.S. Attorney*